# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Laurie M. Traub,                                  Civil No. 13-3017 MJD/JJK

                           Plaintiff,

                                             **REPORT AND RECOMMENDATION**
v.                                              **ON DEFENDANTS' MOTIONS**
                                                           **TO DISMISS**

City of Saint Paul, City of Saint
Paul Park, City of Hastings,
City of Farmington, City of
Burnsville, County of Aitkin,
County of Dakota, County of
Sherburne and John Does 1-8.,

                           Defendants.

A.L. Brown, Esq., Capitol City Law Group, LLC, counsel for the Plaintiff;

Adam Matthew Niblick, Esq., Saint Paul City Attorney's Office, counsel for
Defendant City of Saint Paul;

Stephanie A. Angolkar, Esq., Iverson Reuvers Condon, counsel for
Defendant Cities of Saint Paul Park, Farmington, Burnsville, and Hastings;

Margaret A. Skelton, Esq., Ratwik Roszak & Maloney, counsel for
Defendants Aitkin County and Sherburne County;

Amelia N. Jadoo, Esq., Dakota County Attorneys' Office, counsel for
Defendant Dakota County.

Jeffrey J. Keyes, United States Magistrate Judge

            This action is before the Court on motions to dismiss by Defendant

Cities of Saint Paul Park, Farmington, Burnsville, and Hastings ("Municipalities")

(Doc. No. 14) and Dakota County (Doc. No. 21); and motions for judgment on the

pleadings by Defendants City of Saint Paul[1] (Doc. No. 47) and Aitkin and

Sherburne Counties (Doc. No. 51).  Defendants Saint Paul and the Municipalities

have also moved for severance of claims against each of them.  A hearing on the

motions was held on April 17, 2014, at the U.S. Courthouse, 316 N. Robert St.,

St. Paul, MN 55101.  The motions have been referred to the Magistrate Judge for

Report and Recommendation under 28 U.S.C. § 636(b)(1) and Local Rule 72.1.

It is this Court's conclusion that the motions for dismissal by all Defendants

should be granted and the case should be dismissed with prejudice.

## Background and Claims

Plaintiff Laurie Traub's Amended Complaint (Doc. No. 66)[2] alleges

violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724.[3]  The

---

[1] The City of Saint Paul filed an Answer (Doc. No. 32) prior to filing its Motion to Dismiss and the motion is therefore properly construed as one for judgment on the pleadings under Fed. R. Civ. P. 12(c).  There is no meaningful distinction between the motions for purposes of the discussion in this Report and Recommendation.  *See Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).

[2] Prior to the hearing on motions to dismiss Plaintiff moved to amend her Complaint to add fact allegations and delete certain claims.  Leave to amend was granted at the hearing on April 17, 2014, and the parties were permitted to supplement their written arguments on motions to dismiss to address issues raised as a result of the Amended Complaint (Doc. No. 70).

[3] The initial Complaint also asserted Minnesota common law claims for invasion of privacy and further cited 42 U.S.C. § 1983 as a basis for the action. The amended pleading does not include an invasion of privacy claim even though the jurisdictional statement does reference such a cause of action.  In her consolidated memorandum in opposition to dismissal the Plaintiff expressly "concedes" the state law invasion of privacy claims and also acknowledges that

DPPA provides that:

> A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

18 U.S.C. § 2724(a).  Potential remedies include: (1) actual damages, but not less than liquidated damages in the amount of $2,500; (2) punitive damages; and (3) reasonable attorney's fees and costs.  18 U.S.C. § 2724(b).

The Amended Complaint describes Plaintiff as a criminal defense attorney whose work has on occasion attracted media attention.  Each of the moving Defendants is identified as either a Minnesota municipality or county, and some unidentified employee of each governmental unit is separately named as a John Doe defendant.  The Amended Complaint states that at a specified date and time an unidentified employee of either a city police department or county sheriff's department obtained Plaintiff's personal information by accessing her Minnesota motor vehicle record ("look-up").  With respect to each instance[4] it is alleged that the Plaintiff had not experienced any interaction with law enforcement that would

_____

she has not made a claim under 42 U.S.C. § 1983.

[4] The Amended Complaint alleges one look-up by a Dakota County Sheriff's Department employee, one look-up by a Saint Paul Park Police Department employee, two look-ups by an Aitkin County Sheriff's Department employee, three look-ups by a Hastings Police Department employee, one look-up by a Burnsville Police Department employee, one look-up by a St. Paul Police Department employee, one look-up by a Sherburne County Sheriff's Department employee, and two look-ups by a Farmington Police Department employee.

have necessitated a records inquiry, and that the unidentified employee had no lawful purpose for accessing her motor vehicle record.  It is also alleged that certain records look-ups were generally contemporaneous to media-intensive legal proceedings in which Plaintiff was involved.

Plaintiff contends that each of the alleged look-ups was in violation of the DPPA prohibition against obtaining personal information for an impermissible purpose.  She also alleges the government Defendants are vicariously liable for the acts of their employees.

Defendants have moved to dismiss this action under Fed. R. Civ. P. 12 on grounds that the Plaintiff has not alleged facts sufficient to state a plausible claim that her motor vehicle records were "obtained" as contemplated by the statute or were accessed and used for an impermissible purpose.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck,*

4

*Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  It must not, however, give effect to conclusory allegations of law.  *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ."  *Twombly*, 550 U.S. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ."  *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(d).  But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).  This matter will be construed as a motion to dismiss under Rule 12(b)(6).

## Discussion

The DPPA was enacted in 1994 to address concerns about the use of personal information obtained from state motor vehicle departments for criminal purposes, including stalking.  *Mitchell v. Aitkin County,* No. 13cv2167 (JNE/FLN), 2014 WL 835129, at *1 (D. Minn. Mar. 4, 2014) (citing *Senne v. Vill. of Palatine*, 695 F.3d 597, 607 (7th Cir. 2012)).  Also, the DPPA responded to state motor vehicle department practices of selling personal information to businesses for marketing and solicitation purposes.  *Mitchell* at *1 (citing

*Maracich v. Spears*, 133 S.Ct. 2191, 2198 (2013)).  But, "[w]hile the DPPA does not immunize local governmental actors with regard to anything they do with protected information to which they have access, it also does not require them to explain—or a federal court to pass judgment on—every instance of retrieval of an individual's personal data, in the absence of outwardly discernable facts rendering the impropriety of a particular officer's actions plausible."  *Id.* at *9.  The present action is yet another example of a category of cases in which the Plaintiff has requested and received a report from the Minnesota Department of Public Safety advising the plaintiff that she had been the subject of look-ups of personal data by persons from various law enforcement agencies or other government entities.  *Id.* at *2.[5]

**Obtained Personal Information.**  To state a DPPA claim Plaintiff must allege that the Defendants knowingly obtained, disclosed, or used personal information from the Plaintiff's motor vehicle record for an impermissible purpose.  *Mallak v. Aitkin Cty.*, 2014 WL 1285807, at *6 (citing *Taylor v. Acxion Corp.*, 612

---

[5]  Listing examples of recent District of Minnesota cases involving similar circumstances and claims, *e.g. Kost v. Hunt*, No. 13cv583 JNE/TNL, 2013 WL 6048921 (D. Minn. Nov. 15, 2013); *Bass v. Anoka Cty.*, No. 13cv860 DSD/JJG, 2014 WL 683969 (D. Minn. Feb. 21, 2014); *Potocnik v. Anoka Cty.*, No. 13cv1103 DSD/TNL, 2014 WL 683980 (D. Minn. Feb. 21 , 2014); *McDonough v. Al's Auto Sales*, No. 13cv1889 DSD/FLN, 2014 WL 683998 (D. Minn. Feb. 21, 2014); *Loeffler v. Anoka*, No. 13cv2060 MJD/TNL (pending); *Mallak v. Aitkin Cty.*, No. 13cv2119 DWF/LIB, __ F.Supp.2d __, 2014 WL 1285807 (D. Minn. Mar. 31, 2014); *Roschen v. Wabash Cty.*, No. 13cv2490 ADM/SER (pending); *Kampschroer v. Anoka Cty.*, No. 13cv2512 SRN/TNL (pending); *Arcaro v. City of Anoka*, No. 13cv2772 JNE/LIB (pending).  *See also Gavin v. Anoka Cty.*, No. 14cv615 ADM/JJK (pending).

F.3d 325, 335 (5th Cir. 2010)).  There is no dispute in this matter with respect to whether the personal information at issue was derived from motor vehicle records.  However, a question is presented as to whether information that was merely "viewed" can be said to have been "obtained" as contemplated in the DPPA.  In that regard, Courts in this district have consistently concluded that simply viewing motor vehicle records qualifies as "obtain[ing]" for purposes of the DPPA.  *Id.*  Physical possession is not necessary because "information itself is not tangible so the Court sees no reason why its possession or acquisition would need to be."  *Id.* at *7, (quoting *Nelson v. Jesson*, No. 13-140 (RHK/JJK), 2013 WL 5888235, at *2 (D. Minn. Nov. 1, 2013)).  The potential for misuse of personal information does not require physical possession and it is this potential for misuse that the statute is designed to deter.  *Id.*  Also, the use of the word "obtain" as it may be applied under the circumstances of a DPPA case is not precluded under the dictionary definition of the term.  *Id.* at *6 (citing *Kost v. Hunt*, 2013 WL 6048921, at *10).  And the term as used in the DPPA can be understood by application of its ordinary meaning and common sense and is therefore not ambiguous for purposes of statutory analysis.  *Id.* (citing *Nelson*, 2013 WL 5888235, at *2-3), see *Gregory v. Ashcroft*, 501 U.S. 452, 460-64 (1991).  There is no basis for dismissal of this action on grounds that the Defendants did not "obtain" personal information under the DPPA.

   **Purpose Not Permitted.**  Essentially, the issue to be considered is

whether personal information was obtained for a purpose that is not permitted,

i.e., "[t]he proper focus for courts is not the manner in which information was

acquired, but the use to which it is eventually put."  *Mallak,* 2014 WL 1285807, at

*8 (quoting *Cook v. ACS State & Local Solutions, Inc.*, 663 F.3d 989, 994 (8th Cir.

2011)).  It is the Defendants' principal contention that the Amended Complaint

does not allege facts necessary to state a claim that the personal information

obtained from motor vehicle records was put to an impermissible use.  Plaintiffs

on the other hand insist that notice pleading standards have not been abrogated

by *Twombly* and *Iqbal*, and reasonable inferences to be made from available

facts that have been alleged are sufficient to satisfy current pleading standards.

On behalf of each government unit Defendant in this action it is

correctly asserted that no factual connection between the separate Defendants

has been alleged to support any kind of collective claim.  It is therefore

appropriate to consider the allegations relating to each Defendant separately and

independently from allegations relating to other Defendants.  Nevertheless, the

general nature of the allegations involving the respective Defendants are the

same, the legal analysis is the same, and the result is the same, with regard to

each government Defendant.

**Pleading Standard.**  As stated above, concrete facts relating to

look-ups cited in the Amended Complaint in this case are limited to the date and

time that motor vehicle records were accessed, and identification of each

government unit as the employer of an unidentified person who accessed

Plaintiff's record.  Additionally, the amended pleading alleges that an unidentified

employee of each Defendant had no lawful purpose for accessing Plaintiff's

records, and Plaintiff had not had any interaction with the particular law

enforcement department that would require a look-up.

Critical fact allegations that are lacking in the Amended Complaint

are those which could constitute a showing of the nature or manifestation of an

impermissible purpose for the access.  *Mitchell*, 2014 WL 835129, at *6.  In the

absence of such fact allegations the Court is left to make inferences and

assumptions as to the reason for a particular look-up.  *Id.*  Facts evidencing

impropriety as to each individual access must be alleged separately to rise above

the level of speculation.  *Id.* (comparing *Wilson v. Northcutt*, 441 F.3d 586, 591

(8th Cir. 2006) (stating that each defendant's conduct must be independently

assessed to establish liability for federal constitutional tort)).  The plaintiff has the

burden of pleading each defendant's impermissible purpose for accessing her

motor vehicle record.  *McDonough*, 2014 WL 683998, at *3 (citing *Maracich v.*

*Spears*, 675 F.3d 281, 299-300 (4th Cir. 2012), *vacated on other grounds*,133

S.Ct. 2191 (2013); *Howard v. Criminal Info. Serv., Inc.*, 654 F.3d 887, 890-91 (9th

Cir. 2011); *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, &*

*Stevens, P.A.*, 525 F.3d 1107, 1113-14 (11th Cir. 2008)).  The plaintiff is entitled

to all reasonable inferences, but a reasonable inference is one that may be made

without resort to speculation.  *Id.* (citing *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1026 (8th Cir. 2000)).  Also, without clear evidence to the contrary, public officials are entitled to a presumption or inference that they have properly performed official duties.  *Id.* at *4 (citations omitted).

Plaintiff in this matter has not alleged any particularized facts that would establish an improper purpose for accessing or use of her motor vehicle records.  She essentially relies on the mere fact of the look-up itself, in conjunction with her contemporaneous involvement in some publicized activity, and the absence of direct interaction with any accessing employee of each Defendant, to compel the inference that the look-up was for an improper government purpose in violation of the DPPA.  Plaintiff is simply not entitled to the inferences she requires to raise her claims above the level of speculation and to establish the factual plausibility of her claims in this case.  Indeed, even a generous treatment of the alleged facts offer her little help.  A total of twelve look-ups have been alleged against eight Defendants; one look-up is alleged with respect to five Defendants; no more than three accesses are alleged by any one Defendant; and none of the motor vehicle record searches was conducted at a "questionable" time of day or night.  There is no allegation that Plaintiff's records were accessed by name rather than license plate number, and there is no significant cluster of locations or law enforcement agencies making the record requests.  The fact allegations in this instance do not state a set of circumstances

in which a plausible DPPA claim has been asserted against any Defendant, whether a government unit or a John Doe Defendant.  Moreover, the Amended Complaint states no facts to support DPPA claims for vicarious liability against municipal Defendants based on actions by employees.

Plaintiff asks the Court to speculate and conclude, solely from these limited number of look-ups, some of which occurred during a time when there was publicity about cases in which the Plaintiff played a role as a criminal defense attorney, that the purposes of the look-ups by law enforcement personnel were impermissible.  Plaintiff is, in effect, asking the Court for the opportunity, through litigation, to investigate these look-ups to find out who did the looking up and the reason why each look-up was done so that Plaintiff can determine whether she can obtain DPPA damages if it turns out that a Defendant cannot show that a particular look-up was for one of the thirteen permissible purposes under the statute.  The DPPA, however, does not create "a right to learn of the reason for any personal data retrieval by a governmental agency defendant."  *Mitchell*, 2014 WL 835129, at *7 (citing 18 U.S.C. § 2724(a)).  Creating such a right would "contravene the acknowledged discretion that has been recognized for law enforcement activities."  *Id.* (citing *Kost v. Hunt*, 2013 WL 6048921, at *3-14).  It would subject law enforcement officers to lawsuits for any look-up made in the course of carrying out their job duties, simply on the citizen's suspicion that the officer's intent was improper and "therefore implicating obvious

concerns with the social costs of subjecting public officials to discovery and trial, as well as liability for damages." *Id.* at *8 (quoting *Crawford-El v. Britton*, 523 U.S. 574, 584-85 (1998)).

There may be some circumstances where a plaintiff can allege facts, assumed at the pleadings state to be true, as to the data retrieval by an individual officer from which the court could draw the reasonable inference that the defendant may be liable under the DPPA for the misconduct of viewing the personal data for an impermissible purpose, such as where there is a sufficient indication of a connection or interaction between the law enforcement officer and the plaintiff, from which the impropriety could plausibly be inferred. *See, e.g.*, *Smythe v. City of Onamia*, No. 12-3149 ADM/LIB, 2013 WL 2443849 (D. Minn. June 5, 2013); *Mallak v. Aitkin Cty.*, 2014 WL 1285807 (D. Minn. Mar. 31, 2014). But where, as here, Plaintiff has no more than the speculation that an unidentified officer must not have had a legitimate purpose for viewing the driver's license information, the facts alleged are not sufficient to allow the case to go forward. *See Mitchell*, 2014 WL 835129; *Kost*, 2013 WL 6048921; *Bass*, 2014 WL 683969; *Potocnik*, 2014 WL 683980; *McDonough*, 2014 WL 683998. Plaintiff Laura Traub's Amended Complaint fails to allege facts sufficient to state a plausible cause of action under the DPPA and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## **RECOMMENDATION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  Defendant Cities of Saint Paul Park, Farmington, Burnsville, and Hastings Motion to Dismiss and/or Sever (Docket No. 14) be **GRANTED in part and DENIED as moot in part**.  The motion to dismiss should be granted and the alternative motion to sever should be denied as moot;

2.  Defendant Dakota County's Motion to Dismiss (Doc. No. 21) be **GRANTED**;

3.  Defendant City of Saint Paul's Motion to Dismiss (Doc. No. 47) be **GRANTED in part and DENIED as moot in part**.  The motion to dismiss should be granted and the alternative motion to sever should be denied as moot;

4.  Defendants Aitkin and Sherburne Counties' Motion for Judgment on the Pleadings (Doc. No. 51) be **GRANTED**; and

5. This matter be **DISMISSED WITH PREJUDICE**.


Date:  ___June 6, 2014___


   _s/Jeffrey J. Keyes_____
   JEFFREY J. KEYES
   United States Magistrate Judge



Under D. Minn. LR 72.2(b), any party may object to this Report and

Recommendation by filing with the Clerk of Court, and serving all parties by **June 20, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.